UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| ROBERT M. BURRISS, <br><br> Plaintiff, <br><br> vs. <br><br> WATERFRONT EMPLOYERS-ILA PENSION AND WELFARE FUND, <br><br> Defendant. | Civil Action No. 2:13-cv-2987-RMG <br><br><br> **DEFENDANT'S LOCAL RULE 26.01 DISCLOSURE** |

Defendant Waterfront Employers-ILA Pension and Welfare Fund, by and through its undersigned counsel, hereby responds to Local Rule 26.01 as follows:

A. State the full name, address, and telephone number of all persons or legal entities who may have a subrogation interest in each claim and state the basis and extent of said interest.

ANSWER: None.

B. As to each claim, state whether it should be tried by jury or nonjury and why.

ANSWER: This case is really nothing more than a garden variety alleged benefit denial case under the Employee Retirement Income Security Act of 1974, as amended. As such, it may not be tried before a jury and should be a nonjury trial if any. See, e.g., Phelps v. CT Enterprises, Inc. 394 F.3d 213, 222 (4th Cir. 2005); Biggers v. Wittek Indus., Inc. 4 F.3d 291, 297, 298 (4th Cir. 1993).

C. State whether the party submitting these responses is a publicly owned company and separately identify: (1) each publicly owned company of which it is a parent, subsidiary, partner, or affiliate; (2) each publicly owned company which owns ten percent or more of the outstanding shares or other indicia of ownership of the party; and (3) each publicly owned company in which the party owns ten percent or more of the outstanding shares.

ANSWER: N/A.

D.  State the basis for asserting the claim in the division in which it was filed (or the basis for any challenge to the appropriateness of the division).

ANSWER:  N/A.

E.  Is this action related in whole or in part to any other matter filed in this District, whether civil or criminal?  If so, provide: (1) a short caption and the full case number of the related action; (2) an explanation of how the matters are related; and (3) a statement of the status of the related action.  Counsel should disclose any cases which *may be* related regardless of whether the case is still pending.  Whether cases *are* related such that they should be assigned to a single judge will be determined by the Clerk of Court based on a determination of whether the cases: arise from the same or identical transactions, happenings, or events; involve the identical parties or property; or for any other reason would entail substantial duplication of labor if heard by different judges.

ANSWER:  Per the attached e/mail from Judge Norton's Judicial Assistant dated March 12, 2014, this case already may have been re-assigned to Judge Gergel per a determination of a related case, which case was the subject of a stipulated dismissal in 2013.  However, Defendant is responding to the Complaint as served upon it.

> *Dear Mr. Wigger,*
>
> *Thank you for your letter in response to my email. I shared your letter with Judge Norton, who did some research in ECF on your recently filed cases in federal court. He found that the above referenced case was related to an earlier case that was assigned to Judge Gergel - Burris v Waterfront Employers, C/A No. 2:13cv515 RMG. In addition, this case is related to a more recently filed case of yours - Burris v South Atlantic, C/A No. 2:14cv77 RMG - which is also before Judge Gergel. Therefore, Judge Norton is instructing the Clerk's Office to reassign this case to Judge Gergel. You should receive a notice later this week regarding the reassignment.*
>
> *As Judge Norton discussed with you a few weeks ago, please instruct your staff to note any related cases on the Local Rule 26.01 Answers to Interrogatories when filing new cases. It saves the parties and the court significant time and resources when a case is correctly assigned to a judge from the outset.*
>
> *Should you have any questions or concerns, please feel free to contact me.*
>
> *Sincerely,*
> *Lisa Richberg,*
> *Judicial Assistant*
> *Chambers of Honorable David C. Norton*
> *United States District Court*
> *(843) 579-1450*

4

F.  If the defendant is improperly identified, give the proper identification and state whether counsel will accept service of an amended summons and pleading reflecting the correct identification.

ANSWER:  The Defendant should be corrected to Waterfront Employers – ILA Pension Fund.  Defendant's counsel will accept service of any amended pleadings as necessary.

G.  If you contend that some other person or legal entity is, in whole or in part, liable to you or the party asserting a claim against you in this matter, identify such person or entity and describe the basis of said liability.

ANSWER:  N/A.

Dated at Charleston, this 11th day of April, 2014.

>HAYNSWORTH SINKLER BOYD, P.A.
>134 Meeting Street, Third Floor (29401)
>P. O. Box 340
>Charleston, SC 29402-0340
>
>By: /s/ Charles H. Gibbs, Jr.
>      Charles H. Gibbs, Jr.
>Federal I.D. No. 5602
>cgibbs@hsblawfirm.com
>
>Attorneys for the Defendant

DM: 2679099 V.1

3